IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ISAAC OLMEDO-GARCIA,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:08-cr-288-DAK<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Paul M. Warner |

Before the court is Isaac Olmedo-Garcia's ("Defendant") motion for determination that an Immigration and Customs Enforcement ("ICE") detainer is void and for release on conditions.[1] In essence, Defendant's motion requests a review of his detention status. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written submissions. *See* DUCrimR 47-1 (providing that civil rule 7-1 applies to motions in criminal matters); DUCivR 7-1(f).

On June 17, 2008, this court held Defendant's initial appearance in this case.[2] At the conclusion of that hearing, the court ordered Defendant to be detained pending resolution of this case based on the existence of an ICE detainer.[3]

---

[1] *See* docket no. 11.

[2] *See* docket no. 4.

[3] *See id*.

Defendant first presents arguments concerning the validity of the ICE detainer, whether said detainer was properly issued, and his release from the immigration court pursuant to a bond. Those arguments are misplaced and will not be considered by the court. Defendant should instead raise those arguments with the entities responsible for issuance of the detainer, namely ICE or the immigration court.

Defendant next argues that he should be released under conditions pending resolution of this case. That argument is without merit. Once the court was notified that a facially valid ICE detainer was in place, from a pragmatic perspective, considering conditions of release for Defendant became an exercise in futility. Even if the court were able to craft conditions of release, Defendant would be taken immediately into ICE custody upon his release from court custody, rendering the conditions of release moot. In addition, from a legal perspective, the court considers Defendant's facially valid ICE detainer as a factor in determining whether Defendant is a risk of nonappearance. *See* 18 U.S.C. § 3142(e) (providing that a defendant shall be detained pending trial if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required"). Again, even if the court were to release Defendant under conditions, he would immediately be taken into ICE custody, with the resulting ICE proceedings greatly increasing his risk of nonappearance in this case. *See id*. While the court obviously considers exceptions to these general principles on a case-by-case basis, none appear to be present in this case.

Putting aside Defendant's specific arguments and looking at his motion as a whole, the court finds the motion's most fatal flaw to be its failure to provide any valid basis for the court to review Defendant's detention status.  The court ordered Defendant to be detained pending resolution of this case based on the existence of a facially valid ICE detainer.  While Defendant has presented legal arguments concerning whether the detainer is in fact valid or was properly issued, this court does not have jurisdiction to consider those arguments because it had no hand in the issuance of the detainer.  As a result, this court is again faced with a facially valid ICE detainer, and Defendant's motion fails to present any new evidence or changed circumstances to alter that fact.  When faced with the same circumstances and facts presented at the June 17, 2008 hearing, this court has no basis upon which to review Defendant's detention status.  *See id*. § 3142(f) (providing that a defendant's detention status can be revisited only "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community").  Accordingly, until Defendant is able to resolve his issues concerning the validity of the detainer with either ICE or the immigration court, this court will continue to view that detainer as valid and, consequently, there will be no basis upon which to review Defendant's detention status.  *See id*.

For all of these reasons, Defendant's motion for determination that the ICE detainer is void and for release on conditions[4] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 10th day of July, 2008.

                                              BY THE COURT:

                                              PAUL M. WARNER
                                              United States Magistrate Judge

---

[4] *See* docket no. 11.